CALLAHAN, Circuit Judge,
concurring and dissenting:
Although I concur in the majority’s holding that Mr. Cordova-Manzanarez (“Cordova”) is clearly ineligible for relief under the Convention Against Torture (“CAT”), I dissent from the majority’s decision to reverse the Board of Immigration Appeals (“BIA”) and Immigration Judge (“IJ”)and remand for further proceedings to consider Cordova’s asylum and withholding of removal claims.
The BIA and the IJ found that, under the totality of the circumstances, Cordova’s claims were inconsistent, unpersuasive and not credible. In particular, the BIA and IJ noted that Cordova had provided contradictory dates as to when he was shot and that his story about being forcibly tattooed was implausible. Notably, the IJ devoted fifteen pages of his opinion to detailing Cordova’s claims, the evidence and testimony — including the testimony of both sides’ experts — before concluding that “[wjith due respect to the experts who testified on respondent’s behalf, I do not find respondent to be a credible or persuasive witness as to the issues before this Court on the basis of the totality of the circumstances and all relevant factors.”
In reaching its conclusion that the BIA and IJ erred, the majority fails to adhere to the deferential substantial evidence standard that is required of us for reviewing immigration agency decisions. 8 U.S.C. § 1252(b)(4)(B); see also Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir.2007) (“Under the substantial evidence standard, the court upholds the BIA’s determination unless the evidence in the record compels a contrary conclusion.”). “This strict standard bars the reviewing court from independently weighing the evidence and holding that the petitioner is eligible for asylum, except in cases where compelling evidence is shown.” Kotasz v. I.N.S., 31 F.3d 847, 851 (9th Cir.1994). “We are not free to look anew at the testimony and then measure the soundness of the agency’s decision by what we would have found. Nor does evidence compel the opposite conclusion just because it would also support a different result.” Donchev v. Mukasey, 553 F.3d 1206, 1213 (9th Cir.2009). Furthermore, while the IJ must consider the totality of the circumstances, under the REAL ID Act, an IJ does not need to find that a petitioner’s “inconsistency inaccuracy, or falsehood” go “to the heart of an applicant’s claim.” See Real ID Act § 101(a)(3)(iii).
Here, Cordova’s inconsistent responses regarding the dates that he was shot coupled with the BIA and IJ’s finding that his story about being forcibly tattooed was implausible were more than sufficient, under our deferential standard of review, to uphold the BIA and IJ’s decisions. Their decisions make clear that Cordova and his experts’ testimony and evidence was considered, but the government’s evidence and its experts’ testimony were determined to be more compelling. Nothing the majority points to compels a conclusion contrary to that reached by the BIA and IJ and there is certainly nothing that supports the majority’s conclusion that the deemed credible rule should apply here. Because I would find that the BIA and IJ’s asylum and withholding decisions were supported by substantial evidence, and because I disagree with the majority’s failure *663 to adhere to our deferential standard of review, I dissent.